# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| TYRONE HURT and V.I. CONSTITUTION, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:20-cv-939-JCH |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court upon review of plaintiff Tyrone Hurt's self-represented complaint. Plaintiff has not paid the filing fee for this civil action, nor has he filed a separate motion for leave to proceed *in forma pauperis*. Instead, he includes a section in the body of the complaint in which he requests *in forma pauperis* status. The Court will allow plaintiff to proceed without payment of the filing fee, and will dismiss this action because it is frivolous and because venue is improper.

## **Background**

Plaintiff is a self-represented litigant who currently lives in Washington, D.C. Since January 21, 2020, he has filed 33 civil actions *pro se* and *in forma pauperis* in this Court. The cases that have been reviewed pursuant to 28 U.S.C. § 1915(e)(2) have been dismissed on initial review. In addition to the cases filed in this United States District Court, a review of plaintiff's federal court filings indicate that he has filed numerous other actions in district courts across the nation. *See Hurt v. Civil Rights Lawyer*, No. 3:17-cv-39-DJH (W.D. Ky. March 22, 2017) (noting that instant case was "not the first time Hurt has brought in this Court a disjointed complaint with no connection to this jurisdiction, and, in fact, Hurt has a pattern of doing so in courts across the

country"); and *Hurt v. D.C. Board of Parole, et al.*, No. 1:13-cv-5365-LAP (S.D.N.Y. Oct. 11, 2013) (noting that plaintiff has "filed hundreds of lawsuits around the country that [have] been dismissed as frivolous").

Plaintiff's practice of filing multiple, frivolous lawsuits has subjected him to pre-filing injunctions in numerous federal courts. *See Hurt v. Nat'l Museum of African-American History & Culture*, No. 5:17-cv-97-H (E.D.N.C. May 30, 2017) (collecting cases). For example, he has been barred from proceeding *in forma pauperis* in the United States District Court for the District of Columbia, the district where he lives. *Hurt v. United States*, No. 1:19-cv-2785-UNA (D.D.C. Oct. 8, 2019). That bar has been extended to keep him from proceeding *in forma pauperis* on appeal in the United States Court of Appeals for the District of Columbia Circuit. *Hurt v. Soc. Sec. Admin.*, 544 F.3d 308, 311 (D.C. Cir. 2008) (per curiam).

In *Hurt v. United States of America and Donald Trump,* No. 4:20-cv-774 (E.D. Mo. Jun. 8, 2020), the Honorable John A. Ross determined that Mr. Hurt's repeated filing of frivolous lawsuits in this United States District Court amounted to abuse of the judicial process. Judge Ross also noted Mr. Hurt's history of abusing the judicial process in other jurisdictions, and warned him that the Court could seek to impose restrictions if he continued the practice.

## The Complaint

Plaintiff brings this civil action against the United States of America, the International Criminal Court, the International Court of Justice, and the International Peace Court. It appears he purports to bring this case on behalf of himself and an entity he calls "V.I. Constitution." The complaint is handwritten, it was not prepared using a Court-provided form, and it is almost entirely illegible. As best the Court can tell, plaintiff filed this action to complain about racism in general. He seeks relief in the amount of $1 million.

**Discussion**

A pleading is frivolous, and therefore subject to dismissal under § 1915(e)(2)(B)(i), if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Supreme Court has held that federal courts should not *sua sponte* dismiss an action commenced *in forma pauperis* if the facts alleged are merely unlikely; however, such an action can be dismissed if the plaintiff's allegations are found to be "fanciful," "delusional," or "fantastic," or if they "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 525, 32-33 (1992).

Here, plaintiff has filed a bizarre and almost completely illegible pleading, purportedly on his own behalf and on behalf of an entity he calls "V.I. Constitution." He attempts to sue the United States of America and three international courts. He provides no factual support for the contention that any of his rights have been violated or that he is entitled to any form of relief, much less $1 million. Accordingly, the Court concludes that this action is frivolous, and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Additionally, plaintiff has alleged no basis upon which to conclude that venue lies in this United States District Court. He lives in Washington, D.C., it does not appear that any defendant resides in this district, and there is no indication that any events or omissions that could be understood to give rise to any claim occurred in the Eastern District of Missouri. In short, none of the requirements of 28 U.S.C. § 1391 are present in this case, and venue is therefore improper.

In this situation, the Court must either dismiss the action, or if it is in the interest of justice, transfer it to the proper United States District Court. 28 U.S.C. § 1406(a). Here, even if the complaint were not frivolous, transfer of this action would not be in the interest of justice due to plaintiff's above-described history of abusive litigation practices, and the fact there are restrictions

imposed upon him in the United States District Court for the District of Columbia. This case is subject to dismissal for this reason, as well.

As a final matter, the Court reminds plaintiff that his practice of repeatedly filing frivolous lawsuits in this United States District Court amounts to abuse of the judicial process, and also reminds him that if he continues the practice, this Court may seek to impose restrictions on his ability to file cases *pro se* and *in forma pauperis*.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff may proceed *in forma pauperis* in this action.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 23rd day of July, 2020.

E. RICHARD WEBBER
UNITED STATES SENIOR DISTRICT JUDGE

4